NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

**KRZYSZTOF G. SOBCZAK,**

*Plaintiff-Appellant,*

**v.**

**UNITED STATES,**

*Defendant-Appellee.*

2010-5152

Appeal from the United States Court of Federal Claims in case no. 09-CV-189, Senior Judge Eric G. Bruggink.

Decided: February 15, 2011

KRZYSZTOF G. SOBCZAK, Chestnut Hill, Massachusetts, pro se.

PATRYK J. DRESCHER, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were TONY WEST, Assis-

tant Attorney General, JEANNE E. DAVIDSON, Director, and REGINALD T. BLADES, JR., Assistant Director.

───────────────────

Before DYK, FRIEDMAN, and PROST, *Circuit Judges*.

PER CURIAM.


Appellant Krzysztof G. Sobczak appeals from the final decision of the United States Court of Federal Claims granting the government's motion for judgment on the administrative record and upholding the Marine Corps' decision to separate Captain Sobczak from service. *Sobczak v. United States*, 93 Fed. Cl. 625 (2010). We *affirm*.

## BACKGROUND

Mr. Sobczak enlisted in the Marine Corps in 1998 and became an officer in 2000. As an officer, Mr. Sobczak was eventually promoted to the rank of Captain. On June 2, 2006, Capt. Sobczak reported to the Chicago Marine Corps Recruiting Station ("RS") to serve as its executive officer. Shortly after his arrival, the RS leadership learned that Capt. Sobczak had installed unauthorized software on his work computer. He was instructed to remove the software. Several months later, Capt. Sobczak was accused of improper personal use of one of the RS's government vehicles. Thereafter, an investigation began under the direction of Lieutenant Colonel Marr. Lt. Col. Marr interviewed several Marines during the course of his investigation and also learned of further alleged improper acts by Capt. Sobczak. Specifically, Lt. Col. Marr received statements from Staff Sergeants ("SSgts.") Baker and Bodin alleging that both witnessed

Capt. Sobczak consume alcohol at a local radio station event and then drive away in a government vehicle.

Lt. Col. Marr met with Capt. Sobczak and informed him of each allegation, including (1) installation of unauthorized software, (2) driving a government vehicle within eight hours of consuming alcohol, (3) misusing transportation vouchers, and (4) misusing a government vehicle for personal travel. According to Lt. Col. Marr's summary of the meeting, Capt. Sobczak (1) admitted that his computer still had unauthorized software installed, (2) admitted to consuming alcohol and driving a government vehicle in violation of vehicle use restrictions, (3) denied misuse of transportation vouchers, stating that he used them to cover commuting costs for visiting superior officers, and (4) denied that his use of a government vehicle to commute between home and work was improper. Upon informing Lt. Col. Marr that he wanted to question SSgts. Baker and Bodin to prove they were lying, Capt. Sobczak was ordered to abstain from contacting them.

Lt. Col. Marr recommended to General Salinas, the Marine Corps Recruiting Depot's Commanding General, that she impose Non-Judicial Punishment ("NJP") against Capt. Sobczak under Article 15 of the Uniform Code of Military Justice ("UCMJ"). 10 U.S.C. § 815. Gen. Salinas notified Capt. Sobczak of the charges against him under UCMJ Articles 92 and 133. 10 U.S.C. §§ 892, 933. Capt. Sobczak was informed of his rights under the Article 15 NJP process. He further elected to waive his right to a trial by court-martial, which would have provided him with additional procedural rights. During the NJP hearing, Capt. Sobczak pled guilty to installing unauthorized software and not guilty to the remaining charges. He also denied operating a government vehicle after consuming

alcohol at a local radio station event. Capt. Sobczak further alleged that he was given permission by a superior officer to use a government vehicle for his commute. Capt. Sobczak declined to produce a recording of an alleged phone conversation with that superior officer in which he purportedly received permission to commute with the government vehicle. At the end of the hearing, Capt. Sobczak was given the opportunity to offer further evidence for Gen. Salinas's consideration and also given the opportunity to call additional witnesses. Capt. Sobczak declined.

Gen. Salinas found Capt. Sobczak guilty of two charges: Dereliction of Duty and Conduct Unbecoming an Officer and Gentleman. Capt. Sobczak was not found guilty for the Violation of a Lawful Order charge comprising the alleged misuse of the government vehicle and alleged misuse of transportation vouchers. Gen. Salinas informed Capt. Sobczak that she would issue a Punitive Letter of Reprimand ("PLOR") and impose a $4,000 fine. Capt. Sobczak was also informed of his appeal rights.

Following an unsuccessful appeal of the NJP result and punishment, Gen. Salinas issued the PLOR. Gen. Salinas further recommended that General Amos institute a Board of Inquiry ("BOI") to require Capt. Sobczak to show cause as to why he should remain in the Marine Corps. Gen. Amos adopted the recommendation and informed Capt. Sobczak that a BOI would convene. The BOI hearing occurred on December 14, 2007. Voting two to one, the Board recommended that Capt. Sobczak be separated from the Marine Corps with a general discharge. Capt. Sobczak's appeal of the separation recommendation was denied. He received separation counseling and was discharged on September 30, 2008.

Mr. Sobczak initially appealed the Marine Corps' determination to the United States District Court for the Northern District of Illinois. The government successfully moved to transfer the case to the Court of Federal Claims. At the Court of Federal Claims, Mr. Sobczak sought to show that the Marine Corps violated various procedural requirements of the administrative process resulting in his discharge. The parties filed cross-motions for judgment on the administrative record. The court determined that the "decision to separate [Capt.] Sobzcak was not arbitrary, capricious, or not in accordance with law." *Sobzcak*, 93 Fed. Cl. at 637. Thus, his cross-motion for judgment on the administrative record was denied and the government's cross-motion was granted. Mr. Sobczak appealed. We have jurisdiction under 28 U.S.C. § 1295(a)(3).

## DISCUSSION

On appeal of a judgment on the administrative record by the Court of Federal Claims, "[w]e apply the same standard of review as the United States Court of Federal Claims, which means 'we will not disturb the decision of the corrections board unless it is arbitrary, capricious, contrary to law, or unsupported by substantial evidence.'" *Barnes v. United States*, 473 F.3d 1356, 1361 (2007) (citing *Chambers v. United States*, 417 F.3d 1218, 1227 (Fed. Cir. 2005)). The scope of our review of the record is limited to the administrative record before us. *Axiom Res. Mgmt. v. United States*, 564 F.3d 1374, 1379-80 (Fed. Cir. 2009).

Mr. Sobczak argues that the separation process followed by the Marine Corps violated procedural requirements and protections afforded to respondents. Specifically, Mr. Sobczak first argues that the NJP hear-

ing was flawed because the Marine Corps denied him the ability to inspect the evidence considered by Gen. Salinas and also denied him the ability to question adverse witnesses. Mr. Sobczak, however, "does not deny that he was provided a copy of the documents that the NJP officer would be considering during the hearing." *Sobczak*, 93 Fed. Cl. at 632. Thus, Mr. Sobczak effectively admits that he was not denied an inspection of the evidence to be considered by Gen. Salinas.

As to Mr. Sobczak's ability to question adverse witnesses, he alleges that he could not contact witnesses prior to the hearing because Lt. Col. Marr ordered him to avoid contact with SSgts. Baker and Bodin. There is no record evidence, however, to suggest that the Court of Federal Claims clearly erred in its determination that the "no contact order" was no longer in effect around the time of the hearing. Further, the record shows that Gen. Salinas asked Capt. Sobczak if he would like to call any additional witness at the NJP hearing and he declined. Thus, the Marine Corps did not violate any procedural requirements or protections related to the NJP hearing.

Mr. Sobczak's second argument is that the Marine Corps violated its own orders and regulations during the BOI hearing, which followed the NJP hearing. Specifically, Mr. Sobczak argues that the BOI violated regulations by denying his request for a continuance and by preventing him from accessing relevant evidence and witnesses. The denial of Capt. Sobczak's continuance request, however, did not violate any regulation. Under Secretary of Navy Instruction ("SECNAVINST") 1620.6C, the grant of a continuance request is not compulsory. Further, we note that the record shows that Capt. Sobczak had more than the minimum thirty days required to prepare for the BOI hearing. Regarding access

to relevant evidence and witnesses, Mr. Sobczak argues that he was denied his right to depose thirty individuals prior to the BOI hearing. We note, however, that SECNAVINST 1620.6C provides only for a right to request "the appearance before the Board of any witness whose testimony is considered to be pertinent to the case." The right to depose witnesses, at most, is limited to the circumstances where "witnesses [are] not deemed to be reasonably available or witnesses [are] unwilling to appear voluntarily." SECNAVINST 1620.6C. The record also shows that just three days before the BOI convened, "[t]he defense ha[d] not provided a witness list or documents to be presented." Appellant's App. 56. Thus, any potential delay in determining whether Capt. Sobczak's requested witnesses would be reasonably available or willing to appear voluntarily appears to have been related to Capt. Sobczak's delay in providing a proper witness list requesting the appearance of certain individuals.

Upon an exhaustive review of the administrative record, we have considered all of Mr. Sobczak's remaining arguments including those regarding: (1) the best evidence rule, (2) the right to authenticate, (3) the timing of the BOI, (4) the alleged alteration of the administrative record by the Marine Corps, (5) the timing of his separation counseling, (6) the payment of his final travel vouchers, and (7) the alleged improper transfer of the case from the district court to the Court of Federal Claims. None of these arguments are persuasive. Because the Court of Federal Claims did not clearly err in determining that the Board's decision to separate was not arbitrary, capricious, or not in accordance with law and because the court made no error of law, we affirm.

COSTS

Each party shall bear its own costs.

**AFFIRMED**